Matter of Garanin v City of N.Y. Dept. of Hous. Preserv. & Dev. (2019 NY Slip Op 03471)





Matter of Garanin v City of N.Y. Dept. of Hous. Preserv. & Dev.


2019 NY Slip Op 03471


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Sweeny, J.P., Gische, Webber, Kahn, Moulton, JJ.


9183 160880/16

[*1]In re Vsevolod Garanin, Petitioner-Appellant,
v
City of New York Department of Housing Preservation and Development, et al., Respondents-Respondents.


Gallet Dreyer & Berkey, LLP, New York (Michelle P. Quinn of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Ellen Ravitch of counsel), for the City of New York Department of Housing Preservation and Development, respondent.
Jackson Lewis P.C., New York (Adam S. Gross of counsel), for Gotham Organization Inc., Gotham West Affordable, LLC and 44th Street Development LLC, respondents.



Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered December 27, 2017, which denied the petition seeking an order annulling a final determination of respondent New York City Department of Housing Preservation and Development (HPD), dated May 9, 2017, finding petitioner ineligible for occupancy in a middle-income apartment due to excessive household income, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
It was both consistent with the governing "Marketing Guidelines" and rational for HPD to project wage income from a company 99% owned by petitioner using the two years of W-2 tax forms supplied, while using petitioner's accountant's current year projection (for 2015) to estimate the amount of business income anticipated in what the accountant referred to as a "K-1 distribution" (see Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal, 46 AD3d 425, 428-429 [1st Dept 2007], affd 11 NY3d 859 [2008]; Matter of 31171 Owners Corp. v New York City Dept. of Hous. Preserv. & Dev., 190 AD2d 441, 446 [1st Dept 1993]). It would have been impossible to use only historic income, since no tax return information was supplied for the K-1 distribution income. Meanwhile, using only projected information (in the form of letters from petitioner's accountant) would have resulted in ignoring the consistent history of wages, as the accountant's latest (March 2015) letter reported only an anticipated K-1 distribution, in contradiction to the documented history of wages and the accountant's previous (October 2014) letter anticipating wages for the following year. Indeed, examples given in the governing guidelines call for precisely this sort of mixing and matching of past and projected income when warranted by the circumstances.
The fact that Gotham and HPD reached differing estimates of petitioner's 2015 household income does not render HPD's determination arbitrary or capricious. Indeed, given the enabling statute's provision for estimates of "probable aggregate annual income" (Priv Hous Fin Law § 576[1][b]), the guidelines expressly call for the exercise of discretion in preparing estimates of future income, making it unsurprising that two rational reviewers passing on the same set of documentation might arrive at two different projections. In any event, as noted, HPD's [*2]determination, the only one on review, was rationally based in the record and not affected by any error of law.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK